# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cking at 9:33 am, Jan 27, 2009

| | |
|---|---|
| In the matter of: | Adversary Proceeding |
| JAMES M. SLAYTON<br>MEGAN M. SLAYTON<br>(Chapter 13 Case Number 08-40094)<br><br>*Debtors* | Number 08-4052 |
| JAMES M. SLAYTON<br>MEGAN M. SLAYTON<br><br>*Plaintiffs* | |
| v. | |
| RICHARD ALLEN BRENNAN<br>FREDERICK LAW GROUP, LLC<br><br>*Defendants* | |

## MEMORANDUM AND ORDER

The foregoing Adversary Proceeding having come on for trial, the Court finds as follows:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendants are in default after failing to answer the complaint or filing responsive pleadings to the application for default judgment. *See* Entry of Default, Dckt. No.

AO 72A
(Rev. 8/82)

8 (Nov. 4, 2008). Moreover, Defendants failed to appear at trial. As a result, the allegations of the complaint are deemed admitted. *See* Complaint, Dckt. No. 1 (Aug. 26, 2008); Fed. R. Bankr. Proc. § 7008(d); Davis v. Hutchins, 321 F.3d 641, 648-49 (7th Cir. 2003)("There is the general principle that factual allegations in the complaint are deemed admitted by the defendant upon default."); Sweetwood Farm, Inc., v. Abdallah, slip op., 2008 WL 5412218, at *2 (E.D.Cal. Dec. 30, 2008); KOI Group, Inc. v. KOKA, LLC, slip op., 2008 WL 5102116, at *2 (D.Ariz. Dec. 2, 2008); Int'l Painters & Allied Trades Ind. Pension Fund v. Aragones, slip op., 2008 WL 2415025, at *1 (M.D. Fla. June 12, 2008); Sony BMG Music Entm't v. Lee, 2007 WL 1221313, at *1 (S.D.Ga. April 23, 2007)(Wood, J.).

"While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." United States v. Howell, slip op., 2008 WL 4811390, at *3 (S.D. Ala. Nov. 4, 2008)(citations omitted). Section 362(k), formerly § 362(h) prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, authorizes damage awards for a violation of the automatic stay. Section 362(k)(1) provides that "an individual injured by any willful violation of the automatic stay provided by this section should recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

First, Plaintiff "must demonstrate by a preponderance of the evidence that

the violator had knowledge of the filing of the bankruptcy case." In re Davis, 374 B.R. 366, 369 (Bankr. S.D. Ga. 2007) (citations omitted). "Notice of the bankruptcy filing need not be formal or official to put a creditor on notice." In re Johnson, 501 F.3d 1163, 1172 (10th Cir. 2007). In the present case, Defendants received notice of the bankruptcy on or around February 26, 2008, when Plaintiffs contacted Defendants after Defendants withdrew $300.00 from their checking account post-petition. On March 17, 2008, Defendants again withdrew $300.00 from their account. Also, Defendants refused to refund money after receiving notice of the bankruptcy despite the Plaintiffs' telephone calls every week for over three months.

Defendants have willfully and intentionally violated the protections of 11 U.S.C. § 362, the automatic stay provisions, by withdrawing monies from Plaintiffs' checking account after being duly noticed of Plaintiffs' Chapter 13 filing; and by willfully refusing to return the funds improperly taken from Plaintiffs in the amount of $600.00.

Further, Defendants converted to their own use $2,700.00 in payments tendered to them by Plaintiffs intended for the payment of debts owed by Plaintiffs. They have wrongfully discontinued rendering services to Plaintiffs as alleged in paragraph 12 of Plaintiffs' complaint.

Regardless of the Defendants' motivation or intent behind their actions, when a creditor knows of the automatic stay, a willful violation occurs when a party intentionally performs the actions constituting a violation. In re Johnson, 501 F.3d at 1172.

Defendants, a licensed attorney, his L.L.C., and his employees have, with knowledge of Plaintiffs' bankruptcy, willfully violated the automatic stay in drafting funds from Plaintiffs' bank account, demanding payment of additional sums from Plaintiffs, and refusing to return the funds unlawfully collected. "In finding the Defendant's violation to be willful, this Court is required to award actual damages to Debtor, including his attorney's fees and costs." In re Davis, 374 B.R. at 370. Besides receiving the money taken by Defendants and their attorney's fees and costs, the Plaintiffs are also entitled to damages for emotional distress. See Corbin v. Reed, Ch. 13 Case No. 07-60008, Adv. Pro. 07-6002, pg. 11-14 (Feb. 25, 2008); In re Bishop, 296 B.R. 890, 895 (Bankr. S.D. Ga. 2003) (Davis, J.).

Plaintiffs' family was deprived of funds to live on while Husband was deployed to Iraq. Defendants' actions caused intense emotional distress to Husband who was risking his life in the service of this country and to his wife who was caring for herself and their three young children in his absence.

In addition, the Plaintiffs are entitled to punitive damages. "Punitive damages are permitted for a willful violation of the automatic stay 'in appropriate circumstances'." In re Davis, 374 B.R. at 372. "Appropriate circumstances" include actions taken with malicious intent to harm and actions taken in arrogant defiance of federal law." In re Bishop, 296 B.R. at 898.

Defendants' actions were despicable in the extreme, so much as to defy

AO 72A
(Rev. 8/82)

4

description in temperate words. Defendants, thereafter, with proper legal service of this complaint, and actual knowledge of these proceedings, have defied the legal process, failed to answer the complaint, failed to appear at trial and acted in a wholly unprofessional manner, evidencing a complete disregard of the legal process which demands the imposition of punitive damages in order to deter future reprehensible conduct.

### **ORDER**

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Defendants, Richard Allen Brennan and Frederick Law Group, LLC., turnover $600.00 deducted post-petition from Plaintiffs' bank account instanter.

FURTHER ORDERED that Defendants refund $2,700.00 paid pre-petition.

FURTHER ORDERED that Defendants compensate Plaintiffs in the amount of $10,000.00 for emotional distress.

FURTHER ORDERED that Defendants compensate Plaintiffs for attorney's fees for the necessity of bringing this action in the amount of $4,800.00 as allowed under 11 U.S.C. § 362(h).

FURTHER ORDERED that Defendants pay an amount of $30,000.00 in

punitive damages as allowed under 11 U.S.C. § 362(h).

FURTHER ORDERED that a copy of this Order be transmitted by the Clerk of this Court to Melvin Hirshman, Bar Counsel, Attorney Grievance Commission for the State of Maryland, People's Resource Center, Suite 3301, 100 Community Place, Crownsville, Maryland 21032.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 23rd day of January, 2009.